UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MANE MEDISPA, LLC, d/b/a Mane Center
for Advanced Hair Restoration, and
DOUGLAS BURKA, M.D.,

    Plaintiffs,

v.

MAX MORONO,
LYDIA POUND,
TYLAR ROSS,
CODY COBURN and
PATRICK CAMACHO,

    Defendants.

Civil Action No. 24-2841-TDC

**MEMORANDUM OPINION**

Plaintiffs Mane Medispa, LLC, d/b/a Mane Center for Advanced Hair Restoration ("Mane Medispa"), and Dr. Douglas Burka have filed a Complaint against Defendants Max Morono, Lydia Pound, Tylar Ross, Cody Coburn, and Patrick Camacho, in which they allege state law claims of intentional interference with prospective economic advantage and defamation and seek damages and a declaratory judgment. Defendants have filed a Motion to Compel Arbitration, to Stay the Matter, and/or for Transfer of Venue. Upon review of the Complaint and the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

### I. The Complaint

Plaintiff Mane Medispa, a limited liability company ("LLC") located in Chevy Chase, Maryland, is a hair restoration and aesthetics medical practice owned by Plaintiff Dr. Douglas Burka. On or about July 31, 2021, Burka entered into a contract with Patient Drive Medical Marketing, LLC ("Patient Drive"), a Texas-based LLC, for Patient Drive to provide online marketing services to Burka. Defendant Max Morono, who owns or controls Patient Drive, signed the contract on behalf of Patient Drive. Beginning in 2024, as a result of a business dispute with Patient Drive, Mane Medispa disputed certain credit card charges initiated by Patient Drive. Plaintiffs allege that, in retaliation for the business dispute, Morono posted fabricated, negative reviews of Mane Medispa on Google and other online platforms and warned Burka in text messages and emails that he would continue to post negative reviews until Plaintiffs withdrew their credit card disputes. Plaintiffs further allege that Morono enlisted his fiancée, Defendant Lydia Pound, and his neighbors and friends, Defendants Tylar Ross, Cody Coburn, and Patrick Camacho, to post additional fabricated, negative reviews of Mane Medispa on Google even though none of Defendants had ever used Mane Medispa's services. According to Plaintiffs, Defendants posted at least 12 such reviews which collectively caused a decline in Mane Medispa's online ratings. In turn, Mane Medispa lost an estimated $75,000 in hair transplant business revenue in the three weeks following the posting of the fabricated reviews.

### II. The Arbitration Clause

Defendants assert that this dispute is subject to an arbitration clause contained in the July 2021 contract between Burka and Patient Drive ("the Agreement"). The Agreement states that it was "entered into by and between Patient Drive, a Texas Limited Liability Company ('Patient

Drive'), and Dr. Douglas Burka ('CLIENT')." Agreement at 2, Mot. Ex. 1, ECF No. 13-2. Paragraph 6 of the Agreement consists of an arbitration clause that states, in relevant part:

> The parties agree that any claim, controversy, dispute or disagreement between them in any way arising out of or relating to this Agreement or the professional relationship between the parties shall be resolved by binding arbitration. This Agreement covers all claims, disputes, and controversies of any nature whatsoever, whether arising in tort, contract or otherwise, and whether arising under statute or common law . . .

*Id.* The Agreement also contains a provision that states that the Agreement "shall be construed, enforced, and governed by the laws of the State of Texas" and that "[a]ny lawsuit, arbitration, or any other proceeding brought to construe or enforce this Agreement shall be brought in the County of Harris" in Texas. *Id.* at 4. The Agreement was signed by Burka on his own behalf and Morono on behalf of Patient Drive.

## DISCUSSION

In the Motion, Defendants request that the Court compel arbitration of this dispute or, in the alternative, transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

### I.    Arbitration

Defendants primarily argue that pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14, and based on the arbitration clause in the Agreement, the Court must compel the parties to resolve this case by arbitration. Specifically, Defendants argue that Plaintiffs' claims are covered by the arbitration clause, and that Plaintiffs are bound by the clause because the Agreement is a binding contract against Burka as a direct signatory and against Mane Medispa as a third-party beneficiary to the Agreement.

### A. Legal Standards

"[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *Caire v. Conifer Value Based Care, LLC*, 982 F. Supp. 2d 582, 589 (D. Md. 2013) (quoting *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 683 (D. Md. 2004)); *PC Const. Co. v. City of Salisbury*, 871 F. Supp. 2d 475, 477 (D. Md. 2012). Treating a motion to compel arbitration as a motion for summary judgment is proper where documents outside the pleadings must be considered to resolve the motion. *See Rowland v. Sandy Morris Fin. & Estate Planning Servs., LLC*, 993 F.3d 253, 258 (4th Cir. 2021) (stating that in denying a motion to compel arbitration, the district court "in effect granted summary judgment" on the issue); *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 683-84 (D. Md. 2004); *accord PC Const. Co.*, 871 F. Supp. 2d at 477 ("Whether the motion [to compel arbitration] should be treated as a motion to dismiss or a motion for summary judgment turns on whether the court must consider documents outside the pleadings."). Here, the Court will apply the summary judgment standard because resolving this dispute requires consideration of materials beyond the pleadings.

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine"

only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

### B. Applicability of the Arbitration Clause

Defendants' request to compel arbitration is governed by the FAA, which provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . .

9 U.S.C. § 2. Thus, a litigant in federal court may compel arbitration under the FAA upon a demonstration of: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision that purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of the other party to arbitrate the dispute. *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

In determining whether a valid arbitration agreement exists, the Court applies ordinary state law principles governing the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The law of the forum state, in this case, Maryland, governs the choice-of-law question. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 269 (4th Cir. 2013). Maryland generally applies the law of the state in which the contract was formed, which is the state in which the last act was performed that gave the contract binding effect. *See, e.g., Cunningham v. Feinberg*, 107 A.3d 1194, 1204 (Md. 2015). Here, the parties do not provide facts establishing where the contract was formed. The Agreement, however, provides that it is to "be construed, enforced, and governed" by Texas law. Agreement at 4. Nevertheless, the Court need not resolve which state's law applies to the issue of contract formation because the choice of law makes no material difference to the question of whether the parties are bound by the arbitration clause. *See*

*World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., Ltd.*, 783 F.3d 507, 514 (4th Cir. 2015) ("[W]e need not resolve the choice-of-law question, as it makes no discernible difference to the relevant analysis in the case at bar.").

Under both Maryland and Texas law, an arbitration agreement is enforceable only if the parties agreed to submit their claims to arbitration in a contract supported by proper consideration. *See Cheek v. United Healthcare of the Mid-Atlantic, Inc.*, 835 A.2d 656, 661 (Md. 2003); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227–28 (Tex. 2003). In the present action, only one party, Burka, was a party to the Agreement, which was expressly identified as an agreement "entered into by and between Patient Drive" and "Dr. Douglas Burka." *See* Agreement at 2. Thus, although Morono signed the Agreement in the space designated for "Patient Drive," it is clear that he did so on behalf of Patient Drive and that only Burka and Patient Drive are bound by its terms. *Id.* at 4. The fact that Morono may have been a member of Patient Drive, or even its sole member or owner, does not render him bound by the Agreement in his individual capacity. *See, e.g., Curtis G. Testerman Co. v. Buck*, 667 A.2d 649, 653 (Md. 1995) (finding that where the party to a contract with an arbitration clause was a company, the fact that an individual signed the contract on behalf of that company did not render him bound by the arbitration clause in his personal capacity); *Roe v. Ladymon*, 318 S.W.3d 502, 515–16 (Tex. Ct. App. 2010) (same as to a limited liability partnership).

Because Morono was not a party to the Agreement or the arbitration clause, neither Burka nor Mane Medispa ever agreed to arbitrate claims against Morono. *See Curtis G. Testerman Co.*, 667 A.2d at 654 ("[A] party cannot be required to submit any dispute to arbitration that it has not agreed to submit."); *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 695, 701 (Tex. 2023) ("[P]arties cannot be compelled to arbitrate any controversy unless they have

6

contractually agreed to do so."). Although Defendants have offered theories under which Mane Medispa, which was not bound by the Agreement, could arguably be deemed to be subject to the arbitration clause, they have offered no basis upon which Plaintiffs must be bound to arbitrate claims against a non-party to the Agreement such as Morono. *See Rogers v. Tug Hill Operating, LLC*, 76 F.4th 279, 287 (4th Cir. 2023) (stating that a nonparty may invoke the FAA's enforcement mechanism only if state contract law allows). Indeed, Plaintiffs do not assert claims against Patient Drive based on any provisions of the Agreement but instead assert tort claims that appear to be properly asserted against Morono as an individual based on his alleged personal misconduct. Where Defendants have the burden to establish a valid, enforceable arbitration agreement binding the parties in relation to the claims in the present case, they have failed to meet that burden. *See Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017) (stating that "a defendant who seeks to compel arbitration under the Federal Arbitration Act bears the burden of establishing the existence of a binding contract to arbitrate the dispute").

Finally, Defendants have offered no plausible basis to support the conclusion that Plaintiffs entered into an arbitration clause with, or are otherwise bound to arbitrate their claims against, Defendants Pound, Ross, Coburn, and Camacho, none of whom are alleged to have had any role whatsoever in Patient Drive or its business. Accordingly, the Motion will be denied as to the request to compel arbitration.

## II.  Transfer of Venue

In the alternative, Defendants request that the Court transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought[.]" 28 U.S.C. § 1404(a); *see Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 315 (4th Cir. 1984). To prevail on a motion under § 1404(a), the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Const. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002). The Court weighs a number of case-specific factors in making this determination, including: (1) the weight accorded to the plaintiff's choice of forum; (2) witness convenience and access to sources of proof; (3) the convenience of the parties; and (4) the interest of justice. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *Brown v. Stallworth*, 235 F. Supp. 2d 453, 456 (D. Md. 2002)).

Although the Agreement states that it is governed by Texas law and selects Harris County, Texas as the forum for disputes arising under the Agreement, those facts are not sufficient alone to warrant a transfer under § 1404, *see Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444, particularly where Defendants are not parties to the Agreement and it is not clear that Plaintiffs' claims arise under the Agreement. From the face of the Complaint, it appears that Defendants are all residents of Texas, but Plaintiffs are all citizens of Maryland. Otherwise, Defendants have provided no facts or analysis of the relevant factors. Where Defendants have not provided a sufficient showing that a transfer to the Southern District of Texas is warranted under § 1404, the Motion will be denied as to the requested transfer of venue.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration, to Stay the Matter, and/or for Transfer of Venue, will be DENIED. A separate Order shall issue.

Date:   April 4, 2025

THEODORE D. CHUANG
United States District Judge